UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| **JUDY BRASHEAR, an individual;** | ) CASE NO.: 3:19-cv-00110 |
| | ) |
| **Plaintiff,** | ) COMPLAINT FOR VIOLATION OF |
| | ) ERISA SECTION 502(a)(1)(B); |
| v. | ) |
| | ) |
| **LIFE INSURANCE COMPANY OF** | ) [29 USCS 1132(a)(1)(B)] |
| **NORTH AMERICA, a Connecticut** | ) [29 USCS 1132(g)] |
| **Corporation; KELLOGG COMPANY** | ) |
| **DISABILITY PLAN, an employee benefit** | ) |
| **plan; and DOES 1 through 10, inclusive;** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

Plaintiff, Judy Brashear ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Perry County, Kentucky. She was an employee of The Kellogg Company, and by virtue of said employment she qualified for disability benefits through the Kellogg Company Disability Plan.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Life Insurance Company of North America, is a corporation existing under the laws of Pennsylvania and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Kellogg Company Disability Plan, is an employee benefit plan with its headquarters in Michigan and doing business in the Southern District of West Virginia.

1

4. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e)(1) (Federal Question). Venue is additionally proper pursuant to 29 USC Section 1132(e)(2).

## Plan Provisions and Actions

6. The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the Kellogg Company Disability Plan is attached hereto as Exhibit A and incorporated herein by reference.*

7. The Plaintiff was an employee of The Kellogg Company, and was duly qualified participant in the Plan at all material times hereto. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

8. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

9. The Long Term Disability Plan that Defendant, Life Insurance Company of North America ("LINA") sold The Kellogg Company, contains "any occupation" and "own occupation" definitions of disability. These definitions can be found in the previously attached Kellogg Company Disability Plan:

**Disability/Disabled (LTD and Supplemental LTD Benefits)**
**For the first 24 months of the Long-Term Disability Payments**
Disabled means that, (a) because of Illness or Injury, you are either unable to perform all the essential functions of your Regular Occupation, or (b) solely due to Illness or Injury, you are unable to earn more than 80% of your Indexed Covered Earnings.

**After 24 months of Long-Term Disability Payments**
Disabled means (a) that your Illness or Injury makes you unable to perform all the essential functions of any occupation for which you may reasonably become qualified based on education, training or experience, or (b) solely due to Illness or Injury, you are unable to earn more than 60% of your Indexed Covered Earnings.

10. By April of 2013, the Plaintiff became totally disabled by virtue of her inability to work as required by the Plan.

11. The Plaintiff was approved for Short Term Disability ("STD") benefits, and then applied for Long Term Disability ("LTD") benefits in April of 2013.

12. Her claim for LTD benefits was approved by letter from Defendant, LINA dated May 1, 2013.

13. Plaintiff was approved for Social Security Disability Benefits by the Social Security Administration by letter dated October 27, 2014. In this letter, the Social Security Administration found that Plaintiff was disabled as of August 23, 2014.

14. By letter dated, February 18, 2015, Defendant, LINA confirmed that Plaintiff would continue to receive LTD benefits following a review of her claim.

15. By letter dated August 10, 2016, Defendant, LINA denied Plaintiff additional LTD benefits.

16. Plaintiff filed a timely appeal of this benefit denial.

17. By letter dated October 17, 2016, Defendant, LINA affirmed its denial of Plaintiff's claim for additional LTD benefits.

18. Plaintiff retained the undersigned counsel, and a voluntary appeal review was requested in writing on April 14, 2017.

19. By letter dated June 15, 2017, Defendant, LINA once more affirmed its denial of Plaintiff's claim for additional LTD benefits.

20. This was after Defendant, LINA had entered into settlement negotiations with Plaintiff for a full and final resolution of her LTD claim.

21. The June 15, 2017 denial letter fully exhausted Plaintiff's administrative remedies.

22. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and the opinions of her treating physician, *See Exhibit B* and the attached Functional Capacity Evaluation, *See Exhibit C*.

23. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

24. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Life Insurance Company of North America, Kellogg Company Disability Plan, and DOES 1 through 10, inclusive.)**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive.

4

26. The Plaintiff is due rights and benefits under the terms of the Plan.

27. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

28. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.

29. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

30. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

31. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3. Awarding Plaintiff prejudgment interest to the date of judgment;

4. Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: 8th day of February, 2019

UNDERWOOD LAW OFFICES

By: *J. Patrick L. Stephens* (signature)
J. Patrick L. Stephens, WVSB #10262
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (972) 292-7828
*Counsel for Plaintiff*